

U.S. Department of Justice

Antitrust Division

*Liberty Square Building*
450 5th Street, N.W.
Washington, DC 20001

March 27, 2023

**VIA ECF**

The Honorable R. Barclay Surrick
United States District Judge
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

    Re:    *United States v. Aprahamian*, 20-cr-64 (RBS)

Dear Judge Surrick:

    The United States writes in response to defendant Ara Aprahamian's letter seeking further delay in this case (Dkt. 57) and objects to any extension of the current trial schedule. As explained below, the defendant's arguments for an extension are meritless.

    The Grand Jury indicted this case over three years ago, in February 2020. Before the end of 2020, the United States produced a majority of the discoverable material in this case, including early production of over 200 interview reports which the United States was not required to produce until closer to trial, if at all. Since then, the United States has continued to produce additional materials on a rolling basis, including materials the United States does not believe are related to the charged case but that the defendant nonetheless requested, as well as the voluntary production of two preliminary lists of potentially relevant records the United States identified as it prepares for trial (hereinafter, "Preliminary Lists"). The defendant is now improperly attempting to use the United States' requested and voluntary production of various materials, including the most recent preliminary list, among other reasons, to further postpone trial in this case.

    *First*, the defendant claims he needs more time to file various, unidentified pretrial discovery motions before he files dispositive pretrial motions. The defendant's anticipated motion to dismiss the Indictment *cannot* be based on discovery; it must be based on "the four corners of [the] indictment." *United States v. Vitillo*, Crim. Action No. 03-555, 2005 WL 1693932, at *2 (E.D. Pa. July 19, 2005) (Surrick, J.); *see also United States v. Cvjeticanin*, 704 F. App'x 89, 90 (3d Cir. 2017) ("A motion to dismiss an indictment is a 'challenge to the sufficiency of the indictment,' and must therefore 'be decided based on the facts alleged within the four corners of the indictment, not the evidence outside of it.'" (quoting *United States v. Vitillo*, 490 F.3d 314, 321 (3d Cir. 2007)). For more than three years, the defendant has had all he needs to file his motion to dismiss: the Indictment itself (Dkt. 1). However, in the over three years since this case was

indicted, the defendant has only filed *one* motion (to transfer or partially dismiss) (Dkt. 33), which the Court denied well over a year ago, in January 2022 (Dkt. 41). Thus, the prospect of the defendant's anticipated motions is nothing but a tool to extract unwarranted delay.

Moreover, the Court has aligned motions deadlines in this case and the related *United States v. Teva Pharmaceuticals USA, Inc. and Glenmark Pharmaceuticals Inc., USA* (No. 20-cr-200 (RBS)) (E.D. Pa.) (Dkt. 170). Granting the defendant's requested delay here would misalign the deadlines, wasting judicial resources and creating burdens and duplication for the Court that are sensibly avoided by the current schedule.

*Second*, the defendant's accusations against the United States are baseless and do not justify any further delay in this case. Specifically:

- The United States has *not* "declined to provide" "information to which Mr. Aprahamian is entitled," much less "*Brady/Giglio*" material;

- The United States has *not* made "threats" or offered "inducements" for "key cooperating witnesses" to "dramatically" "change[]" their testimony;

- The United States has *not* "flatly refused to provide" "exculpatory information";

- The United States has *not* withheld any discoverable Mutual Legal Assistance Treaty (MLAT) materials;

- The United States has *not* withheld reports of interviews for individuals the defendant claims to have identified for the United States as the defendant has not requested interview reports for any specific individuals (the United States *has* voluntarily produced over 230 reports of interviews to date far in excess of the defendant's discovery rights); and

- The United States has *not* "delayed in producing important materials to"[1] the defendant. (Dkt. 57 at 2–4).

*Third*, the defendant's complaints about the timing of the United States' December 2022 disclosure letter and February 2023 list of potentially relevant documents are not grounds for further delay. The United States provided these materials to the defendant *seven and ten months ahead of the October 30, 2023 trial date*. Moreover, all of the documents referenced in the Preliminary Lists—which the United States had no obligation to provide to the defendant—were produced between June 8, 2020 and February 17, 2022, with all but approximately 29 of those documents having been produced in 2020. The defendant complains about the "millions of records" that have been produced in discovery, however, there are only 2,311 records on the

---

[1] As noted in the defendant's letter, the United States is in possession of additional Teva records that have not yet been produced to the defendant because they have been undergoing privilege review by Teva's counsel. The United States received an initial privilege log from Teva's counsel on March 16, 2023 and is preparing a production of 189,904 records Teva's counsel determined were not privileged. The United States currently anticipates producing these records to the defendant by no later than next week.

Letter re: *United States v. Ara Aprahamian*, 20-cr-64 (RBS)

February 2023 list of potentially relevant documents, 94% percent of which were produced on June 8, 2020.

*Fourth*, the defendant's letter mischaracterizes the United States' position on the underlying notes from witness interviews (Dkt. 57). In both written correspondence and oral communications, the United States has been clear with counsel for the defendant about its position that the rough notes from witness interviews are not discoverable because the United States has already produced the final reports from the interviews. The defendant has been aware of the United States' position on this issue for months, and has been in possession of the necessary information to file a motion with the Court about it long before now. This issue is not complicated, and there is no good reason for the defendant to further delay filing a motion addressing it if he believes it is significant enough to impact preparation for the trial that is scheduled to begin seven months from now.

*Fifth*, the defendant's letter notes his local counsel's schedule in another case as a reason to delay trial in this case. Yet it is apparent from the letter that local counsel accepted her appointment in the other case *after* this Court set the schedule in this case. So it must be presumed that she accepted the other case while fully maintaining her ability to fulfill her *existing* responsibilities in this case, particularly given that she did not bring the issue to this Court's attention or request an extension in this case *before* accepting her appointment in the other case.

*Finally*, the defendant's letter also comments on "the burden of defending against the parallel multidistrict civil litigation" (Dkt. 57 at 4). Parallel civil litigation is not a basis to delay a federal criminal trial that is already long overdue.

In sum, the defendant has no valid basis to request further delay in this case, which has already been pending for over three years. The United States respectfully requests that the Court maintain the current schedule.

                                              Respectfully submitted,

                                              /s/ Kristina Srica

                                              Kristina Srica
                                              U.S. Department of Justice
                                              Antitrust Division
                                              450 5th Street NW, Suite 1100
                                              Washington, DC 20530
                                              (312) 754-3922
                                              kristina.srica@usdoj.gov