# GAGE SPENCER & FLEMING LLP

ATTORNEYS AT LAW

410 PARK AVENUE

NEW YORK, NEW YORK 10022

TELEPHONE: (212) 768-4900
FACSIMILE: (212) 768-3629
E-MAIL: info@gagespencer.com

March 31, 2023

<u>VIA ECF</u>

The Honorable R. Barclay Surrick
United States District Judge
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

  Re: *United States v. Aprahamian*, 20-cr-64 (RBS)

Dear Judge Surrick:

  We write on behalf of Defendant Ara Aprahamian in response to the government's recent letter (Dkt. 59), which opposes his request for an extension of the case schedule (Dkt. 57). The government's letter encapsulates the very concerns that Mr. Aprahamian has raised. Far from providing any reason to deny an extension of the schedule, the government provides further reasons to grant it.

  Buried in a footnote is the revelation that the government "is preparing a production of 189,904 records"—in other words, 189,904 *documents*—that it "anticipates producing … next week." (Dkt. 59 at 2 n.1). This is news to Mr. Aprahamian. It is vastly more than the 66,000 *pages* of missing discovery that Mr. Aprahamian was aware of, which the government has failed to produce for nearly three years (Dkt. 57 at 2), and it confirms that Mr. Aprahamian will require more time to prepare for trial than anticipated at the August 9, 2022 scheduling conference.

  Furthermore, the government entirely fails to address the enormous burden that would arise if it were to assert that patients who are prescribed the drugs at issue are alleged "victims" of the charged offenses. (Dkt. 57 at 3). The government does not dispute that the pricing-related discovery and expert analysis required to rebut that assertion would be enormously complex and time-consuming. Nor does the government disclaim any intention to describe patients as "victims." It simply says nothing, in keeping with its persistent refusal to respond to Mr. Aprahamian's repeated requests for clarity on this subject. As a result, the government can hardly be surprised that Mr. Aprahamian requires additional time to analyze and refute this improper argument, at a great cost of time and effort, in addition to moving to preclude it.

  The arguments the government does choose to include in its letter lack merit. As Mr. Aprahamian explained, the government's refusal to produce certain discovery will require him to file discovery motions; its failure to respond to Mr. Aprahamian's inquiries has delayed and

continues to delay his ability to file discovery motions; and its failure to produce this discovery is delaying his ability to prepare substantive pretrial motions as well.  In response, the government argues that no discovery is required to move to dismiss an indictment for failure to state an offense (Dkt. 59 at 1-2)—completely ignoring the other motions that Mr. Aprahamian is entitled to file.  For instance, Mr. Aprahamian anticipates filing a motion to suppress certain evidence obtained as a result of the search of Taro's offices, and consequently, he specifically advised the government that he requires the memoranda of interviews mentioned in the search warrant application.[1]  The government's claim that Mr. Aprahamian "has not requested interview reports for any specific individuals" (Dkt. 59 at 2) is therefore incorrect, and its refusal to provide this discovery is preventing Mr. Aprahamian from preparing his motion.  Similarly, Mr. Aprahamian intends to challenge the government's contention that its MLAT requests suspended the statute of limitations for the charged offenses.  The government does not deny that Mr. Aprahamian has repeatedly asked it "to clarify whether it has produced all evidence supporting the [suspension] applications," nor does it deny that he "has identified components of the MLAT requests that appear to be missing."  (Dkt. 57 at 3).  Instead, it vaguely asserts that it has "not withheld any *discoverable*" MLAT materials, which provides no assurance whatsoever that Mr. Aprahamian has the materials necessary to prepare his motion.  (Dkt. 59 at 2 (emphasis modified)).

These are just a few examples of a larger pattern in which the government keeps Mr. Aprahamian in the dark about essential discovery material and delays turning over what it intends to produce.  The government produced a critical disclosure letter four months later than expressly promised.  (Dkt. 57 at 2).  It produced a promised list of relevant documents many months later than expected, and well after the trial date it had requested.  (*Id.*).  It continues to deny that it pressured at least one cooperating witness to change their testimony (*id.* at 3), even though it is apparent from the discovery material that this occurred and that Mr. Aprahamian is entitled to further disclosures.

These problems are compounded by the demands of the *United States v. Dougherty* trial on the schedule of Mr. Aprahamian's attorney Caroline Goldner Cinquanto, as well as the demands of the massive multidistrict litigation (MDL) in which Mr. Aprahamian is a named defendant.  As to *Dougherty*, the government attempts to cast blame on defense counsel, but the Court in that case specifically asked Ms. Cinquanto to accept the appointment in light of the defendant's urgent need for counsel.  As to the MDL, the government insists that the criminal trial should take precedence, but Mr. Aprahamian is surely entitled to defend himself from serious antitrust claims brought against him by state law enforcement authorities and private plaintiffs.  Notably, the government does not articulate any prejudice from the limited extension of time that Mr. Aprahamian has requested.  By contrast, Mr. Aprahamian will suffer significant prejudice if he is required to proceed on the current case schedule.  We are prepared to appear for a conference to further discuss the need for the continuance that Mr. Aprahamian seeks, should the Court wish.

---

[1] In his February 2, 2023 letter to the government, Mr. Aprahamian stated: "[T]he government's September 6, 2016 warrant application for the search of Taro's offices indicates that the government had already spoken to several witnesses at [a specifically named manufacturer], but the government has not produced the memoranda from these interviews."  The government ignored this precise, targeted request with the following non-response: "The United States has already provided early access to over 230 interview reports.  As repeatedly represented, we will continue to produce interview reports related to this case on a rolling basis."

      For the foregoing reasons, and those explained in his prior letter, Mr. Aprahamian respectfully requests that the Court grant his application for an extension of the case schedule.

      Respectfully submitted,

/s/ G. Robert Gage, Jr.
G. Robert Gage, Jr.
Gage Spencer & Fleming LLP
410 Park Avenue, Suite 800
New York, NY 10022
(212) 768-4900
grgage@gagespencer.com

/s/ Caroline Goldner Cinquanto
Caroline Goldner Cinquanto
Two Greenwood Square
3331 Street Road, Suite 450
Bensalem, PA 19020
(215) 910-2732
carrie@cgclegal.com